IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT DEPIRRE,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | **NO. 24-cv-04910** |
| **AGENT MEGAN GORMAN,** | : | |
| *Defendant.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                    **DECEMBER 5, 2024**

Pro se Plaintiff Robert DePierre alleges that Defendant, FBI Forensic Accountant Meghan Gorman, removed personal possessions from Plaintiff's home in Wallingford, PA. ECF No. 1-3. He seeks $113.08 in damages. *Id.* The United States of America, on behalf of Defendant, removed this action from the Magisterial District Court in Delaware County to the U.S. District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1442(a)(1), which permits removal when a defendant is a federal officer. ECF No. 1. Defendant now moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, under Rule 12(b)(1) for lack of subject matter jurisdiction. ECF No. 6.

Defendant's motion is granted, without prejudice, under Rule 12(b)(6) because Plaintiff has failed to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's allegation—"Personal [p]ossessions [r]emoved [f]rom Plaintiff['s] [r]esidence"—while short and plain, lacks "enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (quoting Rule 8(a)(2)). Thus, in the absence of a viable claim, Court will dismiss the Complaint under Rule 12(b)(6) alone. An appropriate order will issue.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, J.**